Ryan Lee, Esq. (SBN 235879)
Krohn & Moss, Ltd.
5055 Wilshire Blvd, Suite 300
Los Angeles, CA  90036
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT,
### EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION

| | |
|---|---|
| SHELLEY FRESE, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | **(Unlawful Debt Collection Practices)** |
| NCO FINANCIAL SYSTEMS, INC, | |
| Defendant. | |

## COMPLAINT

SHELLEY FRESE (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to

eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy".

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1).*

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202.*

## PARTIES

8. Plaintiff is a natural person who resides in East Moline, Rock Island County, Illinois and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3).*

9. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the

principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6).*

## FACTUAL ALLEGATIONS

11. Defendant first contacted Plaintiff on October 28, 2008 in an attempt to collect an alleged debt.

12. Defendant constantly and continuously places collection calls to Plaintiff demanding payment for an alleged debt (see pictures of caller ID attached hereto as Exhibit "A").

13. Defendant contacted a third party demanding payment of Plaintiff's alleged debt and stated that the Plaintiff owed a debt (see letter from Plaintiff's mother attached hereto as Exhibit "B").

14. Defendant failed to notify the Plaintiff that it was a debt collector. They further failed to notify the Plaintiff that anything said during the conversation would be used in the collection of the alleged debt.

15. Defendant threatened to have the Plaintiff served and arrested in an attempt to collect an alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

16. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692b(1)* of the FDCPA by contacting a third party and failing to identify themselves and failed to state they are confirming or correcting location information (see email from Plaintiff's mother attached hereto as Exhibit "B").

   b. Defendant violated *§1692b(2)* of the FDCPA by contacting a third party and

stating that the Plaintiff owes a debt. (see Exhibit "B").

c.   Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

d.   Defendant violated *§1692d(1)* of the FDCPA by threatening to use criminal means to harm the consumer.

e.   Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

f.   Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without disclosing his/her identity.

g.   Defendant violated *§1692e* of the FDCPA by using false, deceptive and misleading representation and means in connection with the debt collection.

h.   Defendant violated *§1692e(4)* of the FDCPA by stating that the nonpayment of any debt will result in the arrest or imprisonment of the Plaintiff.

i.   Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken.

j.   Defendant violated *§1692e(7)* of the FDCPA by stating the consumer has committed a crime.

k.   Defendant violated *§1692e(10)* of the FDCPA by using false representation and deceptive means to collect a debt or obtain information about a consumer.

17. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "C").

WHEREFORE, Plaintiff, SHELLEY FRESE, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

18. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

19. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

20. Actual damages,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SHELLEY FRESE, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  November 4, 2008                KROHN & MOSS, LTD.


By:   /s/   Ryan Lee         .
                Ryan Lee
            Attorney for Plaintiff

1

2

## VERIFICATION OF COMPLAINT AND CERTIFICATION

3    STATE OF CALIFORNIA

4        Plaintiff, SHELLEY FRESE, states as follows:

5    1.    I am the Plaintiff in this civil proceeding.
     2.    I have read the above-entitled civil Complaint prepared by my attorneys and I believe
6          that all of the facts contained in it are true, to the best of my knowledge, information
           and belief formed after reasonable inquiry.
7    3.    I believe that this civil Complaint is well grounded in fact and warranted by existing
           law or by a good faith argument for the extension, modification or reversal of existing
8          law.
     4.    I believe that this civil Complaint is not interposed for any improper purpose, such as
9          to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a
           needless increase in the cost of litigation to any Defendant(s), named in the
10         Complaint.
     5.    I have filed this Complaint in good faith and solely for the purposes set forth in it.
11   6.    Each and every exhibit I have provided to my attorneys which has been attached to
           this Complaint is a true and correct copy of the original.
12   7.    Except for clearly indicated redactions made by my attorneys where appropriate, I
           have not altered, changed, modified or fabricated these exhibits, except that some of
13         the attached exhibits may contain some of my own handwritten notations.

14        Pursuant to 28 U.S.C. § 1746(2), I, SHELLEY FRESE, hereby declare (or certify,
     verify or state) under penalty of perjury that the foregoing is true and correct.

15

16   DATE: _11.2.08_                    _Shelley Frese_
                                        SHELLEY FRESE
17

18

19

20

21

22

23

24

25

1
2          **<u>EXHIBIT A</u>**
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT B**

On October 21, 22, 23, 24 NCO called.
Every time they called it was a recording, saying "by law we have to notify you by phone in attempt to collect a debt. Please call us back at this # 1-800-685-4343 with this code HG7546". So I (Cindy Frese) called them back as they did not say who they were trying to reach. A lady answered, and I (Cindy Frese) said you just called here and this is the # you gave me HG7546. So she said just a minute. She asked, is this Shelley? I (Cindy Frese) said no it isn't. She said does she live there? I (Cindy Frese) said yes she does, but she isn't here right now. And she said, well we need to talk to her. I (Cindy Frese) asked what it was regarding, and she told me it was an attempt to collect a debt and we need Shelley to give us a call.

As of today 10.27.08, we have not received any calls from them (NCO).

Sincerely,
Cindy Frese
(Shelleys mom)

**EXHIBIT C**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — (YES) NO
2. Fear of answering the telephone — YES (NO)
3. Nervousness — (YES) NO
4. Fear of answering the door — (YES) NO
5. Embarrassment when speaking with family or friends — (YES) NO
6. Depressions (sad, anxious, or "empty" moods) — (YES) NO
7. Chest pains — YES (NO)
8. Feelings of hopelessness, pessimism — (YES) NO
9. Feelings of guilt, worthlessness, helplessness — (YES) NO
10. Appetite and/or weight loss or overeating and weight gain — (YES) NO
11. Thoughts of death, suicide or suicide attempts — YES (NO)
12. Restlessness or irritability — (YES) NO
13. Headache, nausea, chronic pain or fatigue — (YES) NO
14. Negative impact on my job — (YES) NO
15. Negative impact on my relationships — YES (NO)

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: Not just me, but my mother. The phone call she received from NCO and the women screaming at her, calling my mom a liar. Then asking my mother if she was my woman and is she gay. My mother has been through enough, she has breast cancer and she doesn't need this kind of stress, nor do I.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 11.2.08

_Shelley Frese_
Signed Name

_Shelley Frese_
Printed Name